UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMOND CHRISTOPHER DAVIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | NO. CV 16-7974-JAK (AGR)<br><br>ORDER TO SHOW CAUSE |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **November 30, 2016**, why the Court should not recommend dismissal of the petition for writ of habeas corpus ("Petition") based on what is commonly called *Younger* abstention.

**I.**

**SUMMARY OF PROCEEDINGS**

No later than October 10, 2016, Petitioner constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner states that, on July 6, 2016, he was sentenced to 11 years in state prison after a conviction for negligently discharging a firearm in Los Angeles County Superior Court case

number BA429334. (Petition at 2.[1]) Petitioner's appeal remains pending in the California Court of Appeal in case number B276666. (Petition at 6.) The online appellate docket indicates that Petitioner filed the notice of appeal on August 9, 2016. No briefs have been filed.

Petitioner lists the following grounds for relief: (1) the trial court miscalculated his sentence as a matter of California law; and (2) the enhancement of his current sentence based on his prior conviction constitutes double jeopardy as to that prior conviction. (Petition at 3-5.)

## II.

## **DISCUSSION**

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Younger v. Harris,* 401 U.S. 37, 44-45 (1971) (in general, federal court should not interfere with ongoing state proceedings).

Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, all of the prerequisites to *Younger* abstention have been met. *Younger* involved criminal proceedings. Petitioner's appeal in his criminal case remains pending

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

and no briefs have yet been filed. Petitioner's claims here involve California's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Finally, nothing prevents Petitioner from raising his federal claims in state court. Therefore, *Younger* abstention is appropriate.

    Petitioner has not demonstrated any "special" or "extraordinary" circumstance based upon which the Court should entertain the petition. Petitioner has not raised a colorable claim of double jeopardy simply because his prior conviction was used to enhance his current sentence under recidivism statutes. *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Nor does any exception to *Younger* apply. An exception requires Petitioner to show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46.

### III.
### ORDER

    IT IS THEREFORE ORDERED that, on or before **November 30, 2016**, Petitioner shall show cause why the Court should not abstain from entertaining the petition. If Petitioner does not timely respond to this Order to Show Cause, the Court will recommend that the petition be dismissed without prejudice based on abstention.

DATED: November 1, 2016

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge